## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**DAVID LEE HAYES**                                                    **PETITIONER**

**v.**                                                        **No. 2:03CV323-D-A**

**MICHAEL WILSON, ET AL.**                                      **RESPONDENTS**

### MEMORANDUM OPINION

This petition for a writ of *habeas corpus* comes before the court on remand from the Fifth

Circuit Court of Appeals. This court had initially dismissed the instant petition as untimely filed.

On remand, the court must determine whether the petitioner is entitled to statutory or equitable

tolling of the federal one-year statute of limitations. For the reasons set forth below, the court

finds that the petitioner is not entitled to statutory or equitable tolling. As such, the instant

petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under

28 U.S.C. § 2244(d).

### Facts and Procedural Posture

There were two separate trials and two separate criminal convictions against the peti-

tioner in the circuit court. The petitioner was convicted first of statutory rape as a habitual

offender in the Circuit Court of the Second Judicial District of Bolivar County, Mississippi in

Cause No. 99-124-CR2. On February 2, 2000, the petitioner was sentenced to a term of life

imprisonment in the Mississippi Department of Corrections; the sentence shall not be reduced or

suspended, nor will the petitioner be eligible for probation or parole.[1] On March 27, 2001, the

Mississippi Court of Appeals affirmed the petitioner's judgment of conviction of rape. *Hayes v.*

---

[1]This conviction and sentence were challenged in a prior federal *habeas corpus*
proceeding. *See Hayes v. Johnson, et al.,* 2:02CV76-P-A.

*State,* Cause No. 1999-KA-02013-COA , 2001 WL 291163 (Miss. App. March 27, 2001), *reh'g denied* April 27, 2001, *cert. denied* July 26, 2001. This appeal in Cause No. 1999-KA–02013-COA was from the rape conviction. Bolivar County Circuit Court Cause No. 99-124-CR2.

The petitioner was later convicted of escape as a habitual offender in the Circuit Court of the Second Judicial District of Bolivar County, Mississippi in Cause No. 99-125-CR2. On March 28, 2000, the petitioner was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections without reduction or suspension and without being eligible for parole or probation. The sentence was also made to run consecutively to all sentences previously imposed. The Mississippi Court of Appeals affirmed Hayes' judgment of conviction and sentence for escape December 11, 2001. *Hayes v. State,* 801 So.2d 806 (Miss. App. 2001) (Cause No. 2000-KA-01131-COA). This appeal Cause No. 1999-KA–02013-COA was from the escape conviction. Bolivar County Circuit Court Cause No. 99-125-CR2.

The petitioner has also filed two miscellaneous cases seeking post-conviction relief with the Mississippi Supreme Court. The first of these, filed April 27, 2001, was docketed as a challenge to the petitioner's rape conviction in Bolivar County Circuit Court Cause No. 99-124-CR2. The file in Cause No. 2001-M-00676 contains the following pleadings filed by the petitioner (in chronological order):

- ▸ April 27, 2001 - Application for Leave to Proceed in Trial Court With Motion for Post-Conviction Relief (PCR) & Application to Proceed IFP.

- ▸ June 8, 2001 - Petitioner's Emergency Motion to Withdraw Motion for Leave to File Motion for PCR challenging statutory rape

- ▸ June 13, 2001 - Order granting petitioner's motion to withdraw PCR application

- ▸  July 3, 2001 - Application for Leave to Proceed in Trial Court with Motion for PCR challenging statutory rape

- ▸  July 12, 2001 - Amended Request for PCR challenging statutory rape

- ▸  January 31, 2002 - Brief in Support of Motion for PCR[2]

- ▸  March 18, 2002 - Order denying motion for post-conviction relief on

- ▸  July 8, 2002 - Request to supplement PCR

- ▸  August 12, 2002 - Order denying request to supplement based on finding that application had been denied March 18, 2002

- ▸  August 26, 2002 - Letter from Hayes requesting reconsideration based on the Mississippi Supreme Court's error in filing the petitioner's motion to supplement in the post-conviction case on the *rape* charge, rather than in the direct appeal of the *escape* charge

- ▸  October 9, 2002 - Order construing letter as petition for rehearing and denying motion pursuant to M.R.A.P. 27

*See* state court record in Cause No. 2001-M-00676.

The second of the petitioner's applications seeking permission to file for post-conviction

relief, filed April 27, 2001, was docketed as a challenge to Hayes' escape conviction in Bolivar

---

[2]Hayes filed along with this document labeled as a "Brief in Support" an application for leave to proceed in the trial court also dated January 28, 2002. The petitioner placed the trial court case number for the charge of escape as the cause number for the "Brief in Support." The court clerk's office, however, put the appellate court case number corresponding to the post-conviction application for rape – and filed the document in the wrong case. That application for post-conviction relief in the escape case was not separately docketed or stamped as filed. It was not treated as a new case (on the escape charge), but rather as part of the brief in support of the existing case (on the rape charge). This January 28, 2002, application for leave to proceed is the document now in question. The central question with regard to this application is whether it was treated as a challenge to the escape conviction. A careful reading of the document – and the timing of its presentation to the state courts – convinces this court that the document was erroneously treated as additional argument in the post-conviction challenge to the rape conviction.

County Circuit Court Cause No. 99-125-CR2.  The file in Cause No. 2003-M-00807 contains the

following pleadings filed by Hayes (in chronological order):

- ▸ April 16, 2003 - Application for Leave to Proceed in Trial Court With Motion for Post-Conviction Relief (PCR) challenging escape conviction[3]

- ▸ May 22, 2003 - Brief in Support of PCR application

- ▸ June 6, 2003 -Memorandum Brief in Support of PCR

- ▸ August 14, 2003 - Order denying application as successive writ

- ▸ August 26, 2003 - Petition for Panel Rehearing

- ▸ September 10, 2003 - Order denying panel rehearing

*See* state court record in Cause No. 2003-M-00807.

The petitioner filed a third application for leave to proceed in the trial court on July 15,

2004, in the Mississippi Supreme Court, Cause No. 2004-M-01420.  This application also

challenged the statutory rape conviction.  The petitioner filed the instant federal petition for a

writ of *habeas corpus* challenging the escape conviction September 29, 2003.

**Discussion**

The petitioner's escape conviction became final on December 26, 2001 (December 11,

2001 (the date the Mississippi Court of Appeals affirmed the conviction), plus fourteen days[4]

---

[3]Even though this new application stated on its face that it was a challenge to the escape conviction and discussed the escape conviction, Hayes attached substantial documentation from his previous post-conviction case in state court (on the rape conviction), thereby creating confusion as to which conviction was actually being challenged.  This confusion appears to be the reason the petition was dismissed as successive.  However, the case number shows that the conviction at issue is that from Bolivar County Circuit Court 99-125-CR2 (the escape conviction).

[4]MISS. R. APP. P. 17(b) provides that a party seeking a writ of *certiorari* in the supreme court from a decision of the court of appeals must first file a motion for rehearing in the court

plus one day, as the fourteenth day fell on Christmas Day). *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (conviction final on the last date the petitioner could have sought discretionary review). Therefore, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was December 26, 2002. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner did not meet the deadline because the instant federal petition was filed September 22, 2003 – 270 days after that deadline expired. The petitioner thus did not enjoy the benefit of statutory tolling.

**Equitable Tolling**

The court finds that the petitioner did not diligently pursue his remedies in state court. Therefore, as discussed below, the petitioner cannot benefit from equitable tolling in this case. The Mississippi Supreme Court repeatedly treated the petitioner's documents filed to prosecute a direct appeal of his escape conviction as documents to be placed in the file with the post-conviction petition of his conviction for rape. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)). Clearly, the petitioner was not "actively misled" in this case; however, the Mississippi Supreme

---

appeals. A motion for rehearing must be filed within fourteen days of the court of appeals decision. MISS. R. APP. P. 40(a). In this case, the last day for filing a motion for rehearing fell on Christmas, so under the provisions of MISS. R. APP. P. 26(a), the motion must have been filed by the close of business on the next business day.

Court's repeated mischaracterizations of the petitioner's pleadings in the direct appeal of his

conviction for escape prevented those claims from being heard in the proper case.

Confusion arose in the state courts over the petitioner's attempts to seek post-conviction

relief on his escape conviction. The following chronology shows only the dates and events

relevant to equitable tolling of the federal one-year limitations period for the petitioner's

conviction and sentence on the escape charge. Some of these documents were, however, misfiled

and placed in the court file on the rape charge.

▸ Petitioner convicted of escape . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . March 28, 2000

▸ Mississippi Court of Appeals affirms escape conviction . . . . . . . . . . December 11, 2001

▸ Escape conviction becomes final . . . . . . . . . . . . . . . . . . . . . . . . . . . December 26, 2001

▸ Petitioner files brief in support of motion for post-
   conviction relief from escape conviction in a failed attempt
   to prosecute a *direct appeal* of the *escape* conviction; Mississippi
   Supreme Court erroneously files the document in the *post-
   conviction* cause number of the *rape* conviction . . . . . . . . . . . . . . . . . . . January 28, 2002

▸ Mississippi Supreme Court denies motion for post-conviction
   relief for *rape* – based in part on brief in support of petitioner's
   direct appeal of *escape* conviction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . March 18, 2002

▸ Petitioner files request to supplement appellant's brief
   in direct appeal of *escape* conviction; Mississippi Supreme
   Court erroneously files motion in *rape* post-conviction case . . . . . . . . . . . . . July 8, 2002

▸ Mississippi Supreme Court erroneously denies motion to supplement
   appellant's brief in direct appeal of *escape* conviction, based upon
   the denial of post-conviction relief regarding the *rape* conviction . . . . . August 12, 2002

▸ Petitioner files motion to reconsider the August 12, 2002, denial
   of his motion to supplement, pointing out that the Mississippi
   Supreme Court filed the motion in the wrong case . . . . . . . . . . . . . . . . . August 26, 2002

▸         Mississippi Supreme Court treats August 26, 2002, motion to
reconsider as a petition for rehearing, then denies the motion
because such motions may only take place on the court's own motion . . . October 9, 2002

▸         Petitioner files second motion for post-conviction
relief regarding the *escape* conviction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . April 16, 2003

▸         Mississippi Supreme Court denies second motion for post-
conviction relief on *escape* conviction– interpreting it once
again as a challenge to the *rape* conviction . . . . . . . . . . . . . . . . . . . . . . August 14, 2003

The state court's confusion over the proper case in which to file the petitioner's pleadings caused the termination of the petitioner's direct appeal of his escape charge. Nevertheless, the petitioner's delay of over six months between the termination of those claims in the incorrect cause (October 9, 2002) and his second motion for post-conviction relief on the escape charge (April 16, 2003) shows that he was not diligent in pursuit of his state court remedies. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (six-month delay in pursuing state post-conviction relief showed lack of due diligence)*, Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002). As such, he may not enjoy equitable tolling, and, as discussed above, his federal petition for a writ of *habeas corpus* was untimely filed.

Even if this court were to apply equitable tolling because of the state court's confusion over the case in which to apply the various documents, the instant petition would be untimely filed. As discussed above, the deadline for the petitioner to file a federal *habeas* petition was December 26, 2002. If the court were to apply equitable tolling from the date the Mississippi Supreme Court denied the petitioner's "Brief in Support" on January 28, 2002 (the first misfiled document), until October 12, 2002, three days after the Mississippi Supreme Court denied the petitioner's motion for reconsideration on October 9, 2002, adding three days for mailing, the

7

petitioner would have the benefit of equitable tolling for 257 days. Tolling the federal statute of limitations an additional 257 days would move the federal filing deadline from December 26, 2002, to September 9, 2003. Thus, even with equitable tolling, and using as the filing date the date of the petitioner's signature on the federal petition in accordance with the "mailbox rule," the instant petition for a writ of *habeas corpus* was filed on September 22, 2003, sixteen days after the federal filing deadline of September 6, 2003. The Fifth Circuit has rigidly enforced the one-year limitations period, even in cases where the petitioner missed the deadline by only a few days. *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir.1999) (refusing equitable tolling where petitioner missed deadline by only four days), *cert. denied,* 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000)

Therefore, for the reasons discussed above, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of August, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE